UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOSE AYALA                                              CIVIL ACTION NO.:_____

VERSUS

PATRIOT INDUSTRIES, LLC

## COMPLAINT

1.

This is an FLSA overtime action brought by Jose Ayala, an employee of defendant, Patriot Industries, LLC.

*Defendant*

2.

Made defendant herein and liable unto plaintiff is Patriot Industries, LLC.

*Jurisdiction and Venue*

3.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331.

4.

Plaintiff files this action pursuant to the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) ("FLSA").

5.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) and (2), because the defendant resides within this district, and all events giving rise to this action occurred within this district.

*FLSA Coverage*

6.

The FLSA applies to defendant's employment of plaintiff Ayala.

7.

Defendant Patriot Industries, LLC is the "employer" of plaintiff as that term is defined by the FLSA.

8.

Patriot Industries, LLC hired plaintiff, directed his work, supervised him, and paid him an hourly wage. At all times, Patriot Industries, LLC had the power to hire and fire plaintiff.

9.

Patriot Industries, LLC is an "enterprise" as that term is defined by the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1). Defendant has annual revenues that exceed $500,000.00. Its employees are laborers on major construction projects who handle, work on, and use tools, machinery, and construction materials that have been produced and moved in interstate commerce in connection with Patriot Industries' construction activities.

*Statement of Facts*

10.

Patriot Industries, LLC performs cement/concrete construction services in south Louisiana.

11.

Plaintiff Ayala was employed by Patriot Industries LLC beginning in about 2013. During that time, Mr. Ayala consistently worked far in excess of 40 hours per week. He normally worked

5-6 days per week, and approximately 10-12 hours per day. He estimates that, on average, he worked 58 hours per week.

12.

Despite the fact that plaintiff Ayala was a non-exempt employee under the Fair Labor Standards Act, he was not paid an overtime rate of one and one-half times his regular rate of pay for hours worked in excess of 40 hours per week until about September 2020, when Patriot Industries started to pay Ayala and his co-workers overtime pay for hours in excess of 40 per week. Until Patriot implemented that change, Ayala was only paid his regular rate of pay for all hours worked.

## *Cause of Action: Failure to Pay Overtime*

13.

The FLSA applies to the defendant's employment of the plaintiff.

14.

Section 207(a)(2)(C) of the FLSA mandates that employees are entitled to overtime pay at a rate of no less than one and one-half (1 1/2) times the employee's regular rate for all hours worked in excess of 40 hours per week.

15.

The defendant knew it was required to pay overtime to the plaintiff. Patriot Industries, LLC knowingly and willfully violated the FLSA as an attempt to extract a higher profit margin for Patriot Industries, LLC. Plaintiff is entitled to recover his unpaid overtime for the three years prior to filing this lawsuit, and is entitled to recover from defendant an equal sum as liquidated damages, together with reasonable attorney fees, legal interest, costs, as well as to such equitable relief as may be appropriate to effectuate the purposes of the FLSA.

Case 3:21-cv-00189-JWD-RLB   Document 1   04/06/21   Page 4 of 4

**WHEREFORE,** plaintiff prays that there be service and citation upon the defendant, and that after all legal delays and proceedings that there be a judgment rendered in favor of the plaintiffs and against the defendant for accumulated wages at the overtime rate as required by law, and an equal sum as liquidated damages, reasonable attorney's fees, interest on all sums due and owing from the date of judicial demand until paid, and for all costs of this proceeding. Plaintiff also prays for any and all other relief to which he may be entitled at law or in equity.

Respectfully Submitted:

**ESTES DAVIS LAW, LLC**

*/s/ Daniel B. Davis*
Randall E. Estes (La. Bar Roll No. 22359)
Daniel B. Davis (La. Bar Roll No. 30141)
4465 Bluebonnet Boulevard, Suite A
Baton Rouge, LA 70809
Telephone:  (225) 336-3394
Facsimile:   (225) 384-5419
Email: dan@estesdavislaw.com
*Attorneys for Plaintiff*